FRANCISCO MIRANDA, Plaintiff and Appellant, *v.* RICARDO AGRAIT-ALDEA, MAYOR OF ARECIBO, Defendant and Appellee.

No. 3714. Argued November 17, 1925.—Decided December 22, 1925.

MUNICIPALITIES—MUNICIPAL OFFICERS—TERMS OF OFFICE. — The term of four years stated in section 28 of the Municipal Law as amended by Act No. 11 of 1924 refers to mayors elected on November 4, 1924, and subsequently, and to the other executive officers specified in said section who are appointed according to section 29 of the said Municipal Law, but not to the executive officers who were elected by the municipal assembly and constituted the old council of administration.

District Court of Arecibo, E. Lloreda, J.   Judgment dismissing a petition for a writ of mandamus.   *Affirmed.*

R. Rivera Zayas for the appellant.   R. Agrait Aldea and F. Cadilla for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Francisco Miranda was appointed municipal treasurer of Arecibo on July 1, 1924. On November 4th of the same year general elections were held in Porto Rico and defendant Ricardo Agrait Aldea was elected Mayor of Arecibo on the local ticket. After taking possession of his office the defendant appointed the other executive officers enumerated in section 28 of Act No. 11 of June 25, 1924 (p. 88), among them José R. Castillo as municipal treasurer, and he took possession of the office on January 19, 1925.

The petitioner protested against the appointment of José R. Castillo and has instituted this mandamus proceeding praying that he be reinstated in his office. He alleges that he had been appointed for four years and that the defendant "removed and discharged him from his office without just cause or a previous hearing on written charges, if any, and without giving the petitioner an opportunity to produce evidence in his favor, thus violating section 28 of the Municipal Law and the Constitution of the United States by depriving him of his office and its emoluments without due process of law."

Under the original Act (No. 85 of July 31, 1919, p. 684) establishing a system of local government and reorganizing municipal services the municipalities were placed under the form of a *quasi*-commission government, for its section 15 provided that the government of each municipality should be vested in a municipal assembly and a council of administration. The council of administration was composed of various executive officers elected by the municipal assembly and their term of office was not specified. Sections 28 and 29 (p. 700). However, as the municipal assemblies were elected by popular vote and section 16 provided that at all general elections the voters of each municipality should elect a municipal assembly, it would follow logically that the council of administration could not be appointed for a longer term than that for which the municipal assembly was elected.

On June 25, 1924, the Legislature enacted Act No. 11 (Acts of 1924, p. 76) which amends the said sections 15, 28 and 29 of Act No. 85 of 1919, to read as follows:

"Section 15.—The government of each municipality is hereby constituted by a municipal assembly and by the executive officers hereinafter determined."

"Section 28.—The executive officers shall be those stated below, and their offices shall be incompatible with the office of member of the municipal assembly or with any other remunerated insular or municipal office. These officers shall be appointed for four years and shall hold office until their successors shall have been appointed and shall have duly qualified, unless sooner removed for just cause.

"1. Mayor.

"2. Director of municipal charities,

"3. Municipal treasurer,

"4. School director,

"5. Municipal director of public works,

"6. Municipal auditor,

"7. Municipal secretary.

" . . . . . . . . . . . ."

"Section 29.—The mayor shall be elected by popular vote in the same manner required by this Act for members of the municipal assembly, and shall have the same qualifications of eligibility as said members. Etc."

Act No. 11 of 1924 went into effect on the first of July of 1924, or almost immediately after its approval. A study of the new. law shows, however, that in the greater part of its provisions it legislates for a somewhat remote future, for the provisions that took effect immediately were as transitory measures for preparing the municipal machinery which with some innovations would begin to function after its constitution by the next elections. At least this is indicated by section 72 which was amended to read as follows:

"Section 72.—The present commissioner of public service, police and prisons shall assume the duties of the mayor and shall have such powers as are conferred on the latter from the date on which

this Act takes effect until the mayor elected at the next general election shall have taken possession of his office.

"The provision contained in section 51 of this Act fixing the limit in municipal budgets of appropriations for the salaries of personnel, shall take effect in the year 1925–1926. Municipal budgets for 1924–1925 shall be governed by the provisions of the Municipal Law as at present in force.

"In all cases in this Act where mention is made of the 'municipal commissioner of charities,' the 'municipal commissioner of finance'; 'the municipal commissioner of education'; 'the municipal commissioner of public works,' it shall be understood that reference is made to the 'municipal director of charities,' 'municipal treasurer,' 'school director' and 'municipal inspector of public works,' respectively.''

Section 29 of the amended act, which provided that the mayor shall be elected by popular vote, is in harmony with this section. And the next election referred to in section 72 was the election held on November 4, 1924. The appellant admits that the term of the predecessor of the present mayor expired with the last election, and this had to be so with the other executive officers whose appointment depended upon the predecessor or had been appointed during his term. It would not seem in accordance with the natural principles of a representative government, which is the prevailing spirit of the law tending to establish uniformity and harmony in an administration, that the term of officers of confidence should be extended beyond that fixed for the executive head. We have no doubt, therefore, that the term of four years fixed for the said officers refers to the mayors who were elected by popular vote on November 4, 1924, and to the other executive officers specified in section 28 and appointed as determined by section 29.

The judgment appealed from should be affirmed.

Mr. Justice Wolf took no part in the decision of this case.